UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENIL JABIB CLAROS, | Case No. 25-cv-09473-EMC |
| Plaintiff, | |
| v. | **ORDER DENYING ADMINISTRATIVE MOTION** |
| SERGIO ALBARRAN, et al., | |
| Defendants. | Docket No. 23 |

Petitioner Enil Claros has filed an administrative motion seeking to hold in abeyance the scheduling of any pre-deprivation hearing pending this Court's adjudication of Mr. Claros' petition for a writ of habeas corpus. Dkt. No. 23. The Government opposes. Dkt. No. 24.

On April 1, 2026, the Court entered a preliminary injunction enjoining the Government from "(1) Re-detaining Mr. Claros without a pre-deprivation hearing before a neutral decisionmaker where the Government bears the burden of demonstrating by clear and convincing evidence that Mr. Claros is a flight risk or a danger such that his physical custody is required; and (2) Removing Mr. Claros from the United States pending these proceedings." Dkt. No. 18. According to the parties, the Government has now moved in San Francisco Immigration Court for a pre-deprivation hearing for Mr. Claros. Dkt. No. 23 at 1. Petitioner maintains that holding such a pre-deprivation hearing at the immigration court would be improper under the Court's PI order, on the grounds that immigration court is no longer a venue where Mr. Claros can receive the neutral adjudication ordered by the Court. *Id.* at 2.

Petitioner would have the Court pre-judge that any immigration judge who hears Mr. Claros' case would not act as a neutral adjudicator. The Court does not have a record upon which to make such a determination and declines to do so. Petitioner's request is **DENIED**.

United States District Court
Northern District of California

The parties are reminded that this Court has continuing jurisdiction to enforce compliance with its PI order. *See e.g.*, *E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 U.S. Dist. LEXIS 65253, at *2 (E.D. Cal. Mar. 26, 2026). If Petitioner is provided with a pre-deprivation hearing that does not comply with the PI order, including because the clear and convincing standard is not properly applied or the decisionmaker is not neutral, he may raise that issue with this Court. *See e.g.*, *Bayani v. Larose*, No. 26-cv-00266-JES-VET, 2026 U.S. Dist. LEXIS 102798, 2026 WL 1270059, at *3 (S.D. Cal. May 8, 2026) ("District courts have the authority to review compliance with prior orders granting habeas relief, including orders for bond hearings.") (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)); *Singh v. Warden, Golden State Annex Det. Facility,* No. 1:26-cv-01973-DAD-CSK, 2026 U.S. Dist. LEXIS 105748, at *21 (E.D. Cal. May 12, 2026) (finding violation of preliminary injunction in immigration habeas case where "the immigration judge paid mere 'lip service' to this court's order by reciting the appropriate legal standard but not actually applying that standard"). This order is without judgment or prejudice as to the scope of any judicial review of the immigration court's determination.

**IT IS SO ORDERED**.

Dated: 5/27/2026

_____

EDWARD M. CHEN
United States District Judge